# **EXHIBIT A**

**Civil Action Cover Sheet - Case Initiation** (12/01/20) CCL 0520

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

SMART PLASTICS, LLC & SMART PLASTICS II, LLC

v.

ROBERT S. ABRAMS

No. _____

FILED
12/19/2022 11:59 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022L011206
Calendar, Q
20727071

FILED DATE: 12/19/2022 11:59 AM   2022L011206

### CIVIL ACTION COVER SHEET - CASE INITIATION

A Civil Action Cover Sheet - Case Initiation shall be filed with the complaint in all civil actions. The information contained herein is for administrative purposes only and cannot be introduced into evidence. Please check the box in front of the appropriate case type which best characterizes your action. Only one (1) case type may be checked with this cover sheet.

Jury Demand   ☐ Yes   ☑ No

**(FILE STAMP)**

**PERSONAL INJURY/WRONGFUL DEATH**
CASE TYPES:
- ☐ 027  Motor Vehicle
- ☐ 040  Medical Malpractice
- ☐ 047  Asbestos
- ☐ 048  Dram Shop
- ☐ 049  Product Liability
- ☐ 051  Construction Injuries
         (including Structural Work Act, Road
         Construction Injuries Act and negligence)
- ☐ 052  Railroad/FELA
- ☐ 053  Pediatric Lead Exposure
- ☐ 061  Other Personal Injury/Wrongful Death
- ☐ 063  Intentional Tort
- ☐ 064  Miscellaneous Statutory Action
         (Please Specify Below**)
- ☐ 065  Premises Liability
- ☐ 078  Fen-phen/Redux Litigation
- ☐ 199  Silicone Implant

**TAX & MISCELLANEOUS REMEDIES**
CASE TYPES:
- ☐ 007  Confessions of Judgment
- ☐ 008  Replevin
- ☐ 009  Tax
- ☐ 015  Condemnation
- ☐ 017  Detinue
- ☐ 029  Unemployment Compensation
- ☐ 031  Foreign Transcript
- ☐ 036  Administrative Review Action
- ☐ 085  Petition to Register Foreign Judgment
- ☐ 099  All Other Extraordinary Remedies

**COMMERCIAL LITIGATION**
CASE TYPES:
- ☑ 002  Breach of Contract
- ☐ 070  Professional Malpractice
         (other than legal or medical)
- ☐ 071  Fraud (other than legal or medical)
- ☐ 072  Consumer Fraud
- ☐ 073  Breach of Warranty
- ☐ 074  Statutory Action
         (Please specify below.**)
- ☐ 075  Other Commercial Litigation
         (Please specify below.**)
- ☐ 076  Retaliatory Discharge

**OTHER ACTIONS**
CASE TYPES:
- ☐ 062  Property Damage
- ☐ 066  Legal Malpractice
- ☐ 077  Libel/Slander
- ☐ 079  Petition for Qualified Orders
- ☐ 084  Petition to Issue Subpoena
- ☐ 100  Petition for Discovery

** _____

Primary Email: mtrucco@stamostrucco.com

Secondary Email: jkakacek@stamostrucco.com

Tertiary Email: kpradin@stamostrucco.com; mlemons@stamostrucco.com

By: MICHAEL T. TRUCCO
    (Attorney)                                    (Pro Se)

**Pro Se Only:** ☐ I have read and agree to the terms of the *Clerk's Office Electronic Notice Policy* and choose to opt in to electronic notice form the **Clerk's Office** for this case at this email address: _____

**IRIS Y. MARTINEZ, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Page 1 of 1

Firm Id No. 18324

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| SMART PLASTICS, LLC. & SMART PLASTICS II, LLC, | ) ) ) |
| Plaintiffs, | ) ) Case No. |
| v. | ) ) |
| ROBERT S. ABRAMS, | ) ) |
| Defendant. | ) |

### COMPLAINT FOR BREACH OF PROMISSORY NOTE

Plaintiffs, Smart Plastics, LLC and Smart Plastics II, LLC, (collectively, "Plaintiffs"), by and through their attorneys, Michael T. Trucco and John J. Kakacek of Stamos & Trucco LLP, and allege as follows against the Defendant, Robert S. Abrams ("Defendant"):

### NATURE OF THE ACTION

This is an action for breach by Defendant of his January 29, 2015 Secured Promissory Note (herein "Note") for $5,366,589 made payable to Plaintiffs. The maturity date of the Note was October 1, 2015. Paragraphs 1 and 2 of the Note require repayment of principal ($5,366,589.00) plus interest from the date of the Note at the Basic Interest rate of 7% per annum through the Maturity Date of October 1, 2015, and at the Default Interest rate of 12% per annum after the October 1, 2015 Maturity Date, plus attorneys' fees and costs of collection. The principal and accrued interest due under the terms of the Note exceeds $10 million.

### THE PARTIES

1. Plaintiff Smart Plastics, L.L.C is a Delaware limited liability company with its primary place of business in Chicago, Illinois.

1

2. Plaintiff Smart Plastics II, LLC is a Delaware limited liability company with its primary place of business in Chicago, Illinois.

3. Defendant Robert S. Abrams is a sophisticated businessman who resides in and is a citizen of New York, NY.

## JURISDICTION AND VENUE

4. This Court has personal jurisdiction over Defendant pursuant to 735 ILCS 5/2-209(a)(7) and (c), and venue is proper in this Court, because by signing the Note Defendant agreed that, "[a]ll actions brought to interpret or enforce this Agreement shall be brought in the exclusive forum of the courts located in Chicago, Illinois and all parties agree not to assert any defenses based on lack of personal jurisdiction, forum non conveniens or inappropriate venue." In addition, the Note requires performance (payment) in Chicago, Illinois and this action arises out of Defendant's failure to pay the Note as promised in Chicago, Illinois.

## FACTUAL ALLEGATIONS

5. On or about January 29, 2015, Defendant signed the Note, which was in the principal amount of five million three hundred sixty-six thousand five hundred eighty-nine and no/100 dollars ($5,366,589.00). The Note was made payable to Plaintiffs in exchange for a loan in its principal amount which the Defendant received from Plaintiffs. A true and correct copy of the Note is attached as Exhibit "A."

6. The maturity date of Exhibit "A" was no later than October 1, 2015 unless certain exceptions applied. None of the stated exceptions applied and the Note that is Exhibit "A" matured on October 1, 2015.

FILED DATE: 12/19/2022 11:59 AM 2022L011206

7. Plaintiffs have fully performed all their obligations owed to Defendant under Exhibit "A," which upon default entitles Plaintiffs to interest as well as Plaintiffs' reasonable attorney's fees and collection costs.

8. Defendant's obligation to pay all sums due and payable pursuant to Exhibit A is absolute and unconditional.

9. The sums now due under Exhibit "A" include the principal amount of $5,366,589.00, interest that has accrued on the said principal amount from January 29, 2015 through October 1, 2015 at the Basic Interest rate of 7% per annum, plus interest that has accrued on the said principal amount after October 1, 2015 at the Default Interest rate of 12%, plus Plaintiffs' attorneys' fees and Plaintiffs' costs of collection all as set forth in Exhibit "A."

10. Plaintiffs demanded payment of the sums due under Exhibit "A," but Defendant has refused and continues to refuse to pay.

11. As a result of Defendant's breach of his promises to Plaintiffs to repay the sums due and payable to Plaintiffs pursuant to Exhibit "A," the Plaintiffs have suffered and will continue to suffer ongoing damages.

12. As of December 9, 2022, $10,808,161.20 in principal and interest alone is due and payable by Defendant to Plaintiffs under Exhibit "A," and interest continues to accrue on the unpaid principal at $1,788.86 ($5,366,589 x .12/360 = $1,788.86) per each day that elapses.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in Plaintiffs' favor and against Defendant in the amount of $10,808,161.20 through December 9, 2022, plus $1,788.86 in interest for each day after December 9, 2022 through the date of judgment, plus Plaintiffs' reasonable attorneys' fees and costs of suit, and such other relief as the Court deems just and proper.

3

FILED DATE: 12/19/2022 11:59 AM   2022L011206

By:    */s/ Michael T. Trucco*
        One of the attorneys for Plaintiffs

Michael T. Trucco
John J. Kakacek
Stamos & Trucco LLP (Firm No. 18324)
One E. Wacker Drive – Third Floor
Chicago, Illinois 60601
Telephone: (312) 630-7979
Facsimile: (312) 630-1183
mtrucco@stamostrucco.com
jkakacek@stamostrucco.com

4

FILED DATE: 12/19/2022 11:59 AM 2022L011206

FIRM ID # 18324

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## LAW DIVISION

| | |
|---|---|
| SMART PLASTICS, LLC. & SMART PLASTICS II, LLC, | ) ) ) |
| Plaintiffs, | ) ) Case No. |
| v. | ) ) |
| ROBERT S. ABRAMS, | ) ) |
| Defendant. | ) ) |

### SUPREME COURT RULE 222(b) AFFIDAVIT AS TO DAMAGES

The undersigned certifies under penalties as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure that the money damages sought in this action exceed $50,000.00.

By:    */s/ Michael T. Trucco*
        One of the attorneys for Plaintiffs

Michael T. Trucco
John J. Kakacek
Stamos & Trucco LLP (Firm No. 18324)
One E. Wacker Drive – Third Floor
Chicago, Illinois 60601
Telephone: (312) 630-7979
Facsimile: (312) 630-1183
mtrucco@stamostrucco.com
jkakacek@stamostrucco.com

FILED DATE: 12/19/2022 11:59 AM 2022L011206

$5,366,589.00                                                                                      January 29, 2015

## SECURED PROMISSORY NOTE

FOR VALUE RECEIVED, the undersigned, **ROBERT S. ABRAMS** (the "Borrower"), promises to pay to the order of **Smart Plastics, L.L.C.** and **Smart Plastics II, LLC**, each a Delaware limited liability company (collectively, "**Lender**"), at 17 East Erie Street, Chicago, IL 60611, or at such other place as Lender shall designate in writing, in lawful money of the United States of America which shall at the time of payment be legal tender for the payment of all debts, public or private, the principal sum of **Five Million Three Hundred Sixty Six Thousand Five Hundred Eighty Nine and no/100 Dollars($5,366,589.00)**, with interest as hereinafter provided. Lender shall also designate to Borrower the specific percentages of the obligations owed hereunder which are owed to each Lender. Capitalized terms used herein and not otherwise defined herein have the meanings assigned to such terms in Section 10 hereof.

The entire unpaid principal balance hereof shall be due and payable on the Stated Maturity Date, if not sooner paid. The "**Stated Maturity Date**" shall mean the first to occur of (i) October 1, 2015, (ii) a Change In Control of SiO2 Medical Products, Inc., (iii) the occurrence of an Event of Default or (iv) the death of the undersigned (the "Stated Maturity Date"). "Change in Control" means a (a) sale of all or substantially all of the assets, (b) sale of a majority of the shares of capital stock, (c) change in the compositon of its board of directors or functional equivalent so that control is transferred, (d) merger, consolidation, or other reorganization whereby the ownership of in excess of 50% of the equity interests are transferred or (e) liquidation, bankruptcy, conservatorship, assignment for the benefit of creditors or other vreditor protection is availed. Lender shall keep Borrower infomrated of any letters of intent and definitive documents invoving a potential or actual Change in Control.

1.   **Loan.** This Promissory Note (this "Note") evidences Borrower's obligation to Lender to repay a loan in the principal amount of **Five Million Three Hundred Sixty Six Thousand Five Hundred Eighty Nine and no/100 Dollars($5,366,589.00)**, together with interest thereon as provided for herein and any fees and expenses expressly set forth herein.

2.   **Interest.**

   (a)   Interest shall accrue on the principal amount from time to time outstanding under this Note at the rate of seven percent (7%) per annum ("**Basic Interest**"). All interest due under this Note shall be computed daily on the outstanding principal balance on the basis of a year of 360 days and paid for the actual days elapsed. If any payment shall become due hereunder on a Saturday, Sunday or other day on which banking institutions in the State of Illinois are authorized to close, the due dates hereof shall be extended to the next day on which such banking institutions are not authorized to close.

   (b)   Anything contained herein to the contrary notwithstanding, if the interest charged under this Note shall exceed the maximum interest rate permitted by law, the interest rate shall be reduced to the maximum rate allowed by law.

KH303153.DOCX
1/2705739.4

Complaint Exhibit A

CONFIDENTIAL                                                                        X 57   ABR0017237

(c) Any amount of principal or interest on this Note which is not paid when due shall bear interest at the rate of twelve percent (12%) per annum from the date thereof until the same is paid ("**Default Interest**"). Borrower further agrees to pay Lender all expenses paid or incurred by Lender in endeavoring to collect the indebtedness of Borrower hereunder, or to enforce this Note or any other Loan Documents, and in the event the indebtedness of Borrower hereunder is collected by law or through an attorney at law, Borrower agrees to pay twelve percent (12%) of the amount then owing under the Note, as attorneys' fees.

3. **Payments.** All principal and accrued but unpaid interest shall be due on the Stated Maturity Date.

4. **Prepayment.** Borrower may at any time and from time to time, without the consent of or any notice to Lender and without paying any surcharge, penalty or premium therefore whatsoever, prepay all or any portion or portions of the sums due hereunder.

5. **Application of Payments.** All payments under this Note shall be applied to reimbursement of any costs, fees and epxneses as stated herein and then first to accrued and unpaid Default Interest, then to accrued and unpaid Basic Interest, and then to unpaid principal.

6. **Events of Default; Remedies.** The occurrence of any one or more of the following events will constitute a default by Borrower hereunder (hereinafter referred to as an "**Event of Default**"):

(a) Borrower fails to pay when due any amount payable under this Note;

(b) Borrower breaches any other provision of this Note and fails to cure such breach for ten (10) days after Lender gives Borrower written notice thereof;

(c) a breach, default, event of default or failure of condition or performance (however denominated) occurs under any of the Loan Documents, and the same is not cured within any applicable period for cure set forth therein;

(d) an action is brought by Borrower seeking dissolution or liquidation of Borrower's assets or seeking the appointment of a trustee, interim trustee, receiver or other custodian for any of Borrower's property, or Borrower commences a voluntary case under the federal Bankruptcy Code, or a reorganization or arrangement proceeding is instituted by Borrower for the settlement, readjustment, composition or extension of any of Borrower's debts upon any terms, or an action or petition is otherwise brought by Borrower seeking similar relief or alleging that Borrower is insolvent or unable to pay such person's debts as they mature; or

(e) an action is brought against Borrower seeking dissolution or liquidation of Borrower's assets or seeking the appointment of a trustee, interim trustee, receiver or other custodian for any of Borrower's property, and such action is consented to or acquiesced in by Borrower or is not dismissed within sixty (60) days of the date upon which it was instituted, or a proceeding under the federal Bankruptcy Code is instituted against Borrower and an order for relief is entered in such proceeding or such proceeding is

KH303153.DOCX
1/2705739.4

FILED DATE: 12/19/2022 11:59 AM    2022L011206

consented to or acquiesced in by Borrower or is not dismissed within sixty (60) days of the date upon which it was instituted, or a reorganization or arrangement proceeding is instituted against Borrower for the settlement, readjustment, composition or extension of any of Borrower's debts upon any terms and such proceeding is consented to or acquiesced in by Borrower or is not dismissed within sixty (60) days of the date upon which it was instituted, or an action or petition is otherwise brought against Borrower seeking similar relief or alleging that such person is insolvent, unable to pay his debts as they mature or generally not paying his debts as they become due and such action or petition is consented to or acquiesced in by Borrower or is not dismissed within sixty (60) days of the date upon which it was brought.

Upon the occurrence and during the continuance of any Event of Default, Lender may, at its option and without further demand or notice of any kind (i) accelerate the maturity date of this Note, and (ii) exercise any and all rights and remedies provided for in the the Pledge Agreement or any other Loan Document or allowed by law or in equity, or (iii) exercise any other right or remedy available at law or in equity.

7.  **INTENTIONALLY OMITTED.**

8.  **Time; Waiver; Forbearance.** Time is of the essence of this Note. Demand, presentment, notice, protest and notice of dishonor are hereby waived by Borrower and by each and every co-maker, endorser, guarantor, surety and other person or entity primarily or secondarily liable on this Note. Lender shall not be deemed to waive any of Lender's rights or remedies under this Note unless such waiver be express, in writing and signed by or on behalf of Lender. No delay, omission or forbearance by Lender in exercising any of Lender's rights or remedies shall operate as a waiver of such rights or remedies. A waiver in writing on one occasion shall not be construed as a waiver of any right or remedy on any future occasion.

9.  **Governing Law and Severability.** This Note shall be governed by, construed under and interpreted and enforced in accordance with the laws of the State of Illinois. Wherever possible, each provision of this Note shall be interpreted in such manner as to be effective and valid under applicable law, but if any provision of this Note shall be prohibited by or invalid under applicable law, such provision shall be ineffective only to the extent of such prohibition or invalidity, without invalidating the remainder of such provision or the remaining provisions of this Note. All actions brought to interpret or enforce this Agreement shall be brought in the exclusive forum of the courts located in Chicago, Illinois and all parties agree not to assert any defenses based on lack of personal jurisdiction, forum non conveniens or inappropriate venue. All service of process may be furnished by mail to the party's last known personal or business residence.

10. **Terms.** For all purposes of this Note, the following terms shall have the respective meanings set forth below:

    (a) "Borrower" means and includes the legal representatives, successors and assigns of Borrower as if so specified at length throughout this Note, and all indebtedness and liabilities of Borrower under this Note shall be binding upon and enforceable against the legal representatives, successors and assigns of Borrower.

KH303153.DOCX
1/2705739.4

CONFIDENTIAL

ABR0017239

FILED DATE: 12/19/2022 11:59 AM    2022L011206

(b) "**Lender**" as used herein shall include the heirs, transferees, legal representatives, successors and assigns of Lender as if so specified at length throughout this Note, and all rights of Lender under this Note shall inure to the benefit of the heirs, transferees, legal representatives, successors and assigns of Lender.

(c) "**Loan Documents**" means all documents, instruments and other items submitted to the Lender by or on behalf of the Borrower, or at the request of the Lender, in connection with the Loan, including without limitation: this Note; affidavits and certificates.

11. **Notices.** All notices, requests, demands and other communications under this Note shall be in writing and shall be deemed to have been duly given if given in accordance with the provisions of the Pledge Agreement.

12. **Waiver of Rights.** Borrower hereby waives and renounces for itself, its successors and assigns, all rights to the benefits of any statute of limitations, and any moratorium, reinstatement, marshalling, forbearance, valuation, stay, extension, redemption, appraisement, exemption and homestead now provided, or which may hereafter be provided by the Constitution and laws of the United States of America and of any state thereof, both as to itself and in and to all of its property, real and personal, against the enforcement and collection of the obligation evidenced by this Note. Borrower hereby transfers, conveys and assigns to Lender a sufficient amount of such homestead or exemption as may be set apart in bankruptcy, to pay this Note in full, with all costs of collection, and does hereby direct any trustee in bankruptcy having possession of such homestead or exemption to deliver to Lender a sufficient amount of property or money set apart as exempt to pay the indebtedness evidenced hereby, or any renewal thereof, and does hereby appoint Lender the attorney in fact for undersigned to claim any and all homestead exemptions allowed by law.

13. **Borrower's Representation.** Borrower hereby warrants and represents to Lender that all of the outstanding common stock of SiO2 Medical Products, Inc. ("Company") is owned by A. Enterprises, LLC, a Delaware limited liability company which is solely owned by Borrower and Borrower's spouse.

*[Remainder of this Page Intentionally Left Blank]*

CONFIDENTIAL ABR0017240

IN WITNESS WHEREOF, Borrower has executed, sealed and delivered this Note, all as of the day and year first above written.

BORROWER:

_____ (SEAL)
Robert S. Abrams

WITNESS:

_____ (SEAL)

K.H303153.DOCX
1/2705739.4

CONFIDENTIAL						ABR0017241

# **EXHIBIT B**

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, Q

FILED DATE: 2/9/2023 9:58 AM  2022L011206

Firm Id #18324

FILED
2/9/2023 9:58 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022L011206
Calendar, Q
21404472

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## LAW DIVISION

| | |
|---|---|
| SMART PLASTICS, LLC. & SMART PLASTICS II, LLC, | ) ) ) |
| Plaintiffs, | ) ) Case No. 2022 L 0011206 |
| v. | ) ) Calendar "Q" |
| ROBERT S. ABRAMS, | ) ) |
| Defendant. | ) ) |

### WAIVER OF SERVICE OF PROCESS

**TO:** Robert S. Abrams
166 E 63rd Street
Apt. 17D
New York, New York 10065-0285

c/o Timothy Farrell
Ropes & Gray, LLP
191 North Wacker Drive
32nd Floor
Chicago, Illinois 60606

The enclosed alias summons and complaint are being served pursuant to Section 2-213 of the Illinois Code of Civil Procedure.

You must complete the acknowledgement part of this form and return one copy of the completed form to the sender within 30 days.

You must sign and date the acknowledgement on page 2. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return this form to the sender within 30 days, you (or the party on whose behalf you are being served) may be served a summons and complaint in any other manner permitted by law.

1

FILED DATE: 2/9/2023 9:58 AM   2022L011206

If you do complete and return this form, you (or the party on whose behalf you are being served) must answer the complaint within 60 days of the date this waiver was sent. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

*I declare, under penalty of perjury, that this notice and acknowledgement of receipt of summons and complaint form was sent via email to Timothy Farrell, counsel for Defendant Robert S. Abrams (Timothy.Farrell@ropesgray.com) on January 26, 2023.*

Signature: _____/s/ John J. Kakacek_____

Date of Signature: _____1/26/23_____

**Acknowledgement of Receipt of Summons and Complaint**

I declare under penalty of perjury, that I received a copy of the alias summons and of the complaint in the above-captioned matter at 191 North Wacker Drive, 32nd Floor, Chicago, Illinois via my email address, Timothy.Farrell@ropesgray.com.

Print or type name: Timothy Farrell, attorney for Robert S. Abrams, on behalf of Robert S. Abrams

Signature: _____

Date of Signature: ____January 26, 2023_____

2